# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1896.

J. H. WHITFIELD ET AL., APPELLANTS, VS. S. N. LEONARD, APPELLEE.

The Revised Statutes of Florida, sections 1461, 1273, under which the appeal in this case was taken in vacation, provide that upon an appeal taken in vacation, the clerk shall issue a citation to the appellee which shall be returnable with the appeal, and shall be served twenty-five days before the return day. The service in this case was only twenty-three days before the return day of the citation. The appellee has not entered an appearance in this court, or in any way waived the due and regular service of citation in the case: *Held*, That the service of the citation is not sufficient to give this court jurisdiction to hear and determine the appeal.

Appeal from the Circuit Court for Marion county.

The facts in the case are stated in the opinion.

*W. K. Zewadski*, for Appellants.

No Appearance for Appellee.

LIDDON, J.:

The case was a suit in chancery brought by appellee against appellants. No final decree has been entered in the case. The appeal is from interlocutory orders. The appeal to the January term, 1893, was entered by all of the defendants, except the Compagnie des Phosphates de France, on December 14th, 1892. The last named defendant on January 3d, 1893, joined in said appeal. The citation is dated January 4th, 1893, and is made returnable January 27th, 1893. It purports to have been served January 4th, 1893. The January term of this court for 1893 began on the 10th day of said month. The appeal was not taken in open court. If we concede that the appeal was properly taken, the appellee has not entered an appearance in this court, or in any way waived the due and regular service of citation in the case. We consider no other point in reference to the service of citation except as to the time of making the same. Was it made in sufficient time to give this court jurisdiction of the person of the appellee, so as to enter a judgment in the case? The Revised Statutes (sections 1461, 1273), under which this appeal was taken, provide that upon appeal taken in vacation the clerk shall issue a citation to the appellee, which shall be returnable with the appeal, and shall be served twenty-five days before the return day. The service in this case being only twenty-three days before the return day of the citation, is not sufficient to give us jurisdiction to hear and determine the appeal.

The appeal is dismissed.